**Guy QUINLAN, Plaintiff,**

v.

**James FAIRMAN, et al., Defendants.**

**No. 86 C 2032.**

United States District Court,
N.D. Illinois, E.D.

March 30, 1987.

Guy Quinlan, Pontiac, Ill., for plaintiff.

Thomas A. Morrissey, Asst. Atty. Gen., Chicago, Ill., for defendants.

**MEMORANDUM OPINION
AND ORDER**

ASPEN, District Judge.

Plaintiff Guy Quinlan, a prisoner at Joliet Correctional Center, brings this *pro se*

---

action pursuant to 42 U.S.C. § 1983 claiming violation of his constitutional rights in connection with a prison disciplinary proceeding against him.[1] Plaintiff seeks declaratory, injunctive and monetary relief. Named as defendants are James Fairman, Warden of Joliet; Marjorie Donahue, member of the Illinois Department of Corrections Administrative Review Board ("ARB"); and David Grant, Terry Kolberg and Janice Williams, members of the Joliet Adjustment Committee on November 30, 1984. Before the Court is defendants' motion for summary judgment.[2]

## I. FACTS

The uncontroverted facts are as follows. On September 18, 1984, correctional officer Carroll issued a disciplinary report ("DR") charging plaintiff with violating prison rules based upon plaintiff's alleged assault of an inmate named Peters. Defendants' Exhibit A. On September 21, 1984, plaintiff appeared before the Adjustment Committee which granted him a continuance until October 1, 1984, because he wished to call witnesses and because of the seriousness of the charges. Defendants' Exhibit B. At the hearing on October 1, 1984, plaintiff presented affidavits of Peters and another inmate, Ricketts, in lieu of bringing them to testify. Deposition of Quinlan, at 22–23. The Committee found plaintiff not guilty of the charges and dismissed the DR on the basis of Peters' affidavit that plaintiff did not assault him. Defendants' Exhibit C. Subsequently, defendant Fairman reviewed the DR and the Committee

findings. Affidavit of Fairman. He did not approve the recommended disposition, so he remanded the DR to the Committee pursuant to Illinois Department of Corrections Administrative Rule 504.90A.[3] Affidavit of Fairman. On November 30, 1984, the Committee, comprised of defendants Grant, Kolberg and Williams, acting upon Fairman's remand, reconsidered the available evidence and found plaintiff guilty of the charges. Defendants' Exhibit D; Affidavits of Grant, Kolberg and Williams. Plaintiff was disciplined with revocation of 180 days of good time and demotion to C grade for 180 days. Defendants' Exhibit D. Plaintiff grieved the matter before the Joliet Inquiry Board which recommended that the Committee decision of November 30, 1984, be upheld. Defendants' Exhibit E. Plaintiff pursued his grievance to the ARB. On January 14, 1986, the ARB, which included defendant Donahue, denied plaintiff's grievance. Deposition of Quinlan, at 34; Amended Complaint, at 9.

## II. PLAINTIFF'S CLAIMS

Plaintiff advances several claims in this action based upon his Fourteenth Amendment right to procedural due process: (1) Fairman rewrote the DR after the Adjustment Committee found plaintiff not guilty on October 1, 1984; (2) plaintiff did not receive a copy of the rewritten DR; (3) the Adjustment Committee members, Grant, Kolberg and Williams, reviewed the rewritten DR and imposed disciplinary sanctions on November 30, 1984, without affording plaintiff a hearing; (4) the evidence sup-

---

1. Plaintiff's claims sound in habeas corpus and thus require exhaustion of state remedies. *See Hanson v. Heckel,* 791 F.2d 93, 96 (7th Cir.1986). Illinois provides a judicial remedy for plaintiff's claims by way of mandamus. *United States ex rel. Isaac v. Franzen,* 531 F.Supp. 1086 (N.D.Ill. 1982). But the exhaustion requirement is not jurisdictional. *Jackson v. Carlson,* 707 F.2d 943, 949 (7th Cir.1983). Since the Court therefore has the power to reach the merits and is convinced that plaintiff's claims are without merit, no purpose would be served by requiring exhaustion.

2. On November 21, 1986, the Court, as required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), advised plaintiff of the requirements of Fed.R.Civ.P. 56(e).

3. That rule provides:

   The Director or the Chief Administrative Officer may remand the decision to the Adjustment Committee for new proceedings if, upon review, the proceedings are found to be defective due to:

   1) Inadequate notice, including failure to state the correct date of the offense on the ticket or failure to provide the committed person with 24 hour notice of the hearing and notice was not waived.

   2) Lack of impartiality of the Adjustment Committee.

   3) Improper exclusion of witnesses.

   Defendants' Exhibit F.

porting the Adjustment Committee's finding of guilt on November 30, 1984, was insufficient; and (5) Donahue denied plaintiff's grievance to the ARB.

## III. THE REQUIREMENTS OF *WOLFF v. McDONNELL*

The Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), established the minimum requirements of procedural due process to be afforded to prisoners in disciplinary proceedings. Where the proceeding may result in the loss of good time, the inmate must receive (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 563–67, 94 S.Ct. at 2978–80.

With the requirements of *Wolff* in mind, the Court turns to the instant case. It is true that, if Fairman had issued a second DR, plaintiff may have been entitled to a new set of *Wolff* safeguards. But Fairman's affidavit demonstrates that he did not rewrite or reissue the DR, and plaintiff does not controvert this. Indeed, plaintiff states, "[I]t may be clear that defendant Fairman did not in fact re-write the violation report...." Plaintiff's Traverse to Summary Judgment, ¶ 16. Pursuant to Administrative Rule 504.90A, Fairman remanded the original DR in order that the Adjustment Committee review the testimony of Carroll who witnessed the incident and issued the original DR. Affidavit of Fairman; Defendants' Exhibits A, F.

■ With the facts thus established, the Court rules that plaintiff was afforded the procedural guarantees of *Wolff*. He received advance written notice of the disciplinary charges. Amended Complaint, at 2; Defendants' Exhibit A. He had a hearing before the Adjustment Committee on October 1, 1984. Deposition of Quinlan, at 21, 23; Defendants' Exhibits B, C. He had an opportunity to present witnesses, and he supplied the Committee with the affidavits of Peters and Ricketts. Deposition of Quinlan, at 22–23; Defendants' Exhibits C, D. Finally, after Fairman's remand of the DR, the Committee issued a statement of the evidence relied on to find plaintiff guilty and the reasons for the disciplinary action. Defendants' Exhibit D; Affidavit of Grant. Although Carroll did not testify at plaintiff's hearing, his testimony, which the Committee used to convict plaintiff on November 30, 1984, Defendants' Exhibit D, reiterated his written observation contained in the DR of September 16, 1984, which plaintiff received. Defendants' Exhibit A. Plaintiff himself states, "Officer Carroll was the reporting employee and, for all purposes and intent the alleged facts of the inmate disciplinary report was his testimony...." Plaintiff's Traverse to Summary Judgment, ¶ 9. Furthermore, according to plaintiff, "[T]he evidence reviewed by the November 30, 1984 Committee presented no new, or additional evidence...." *Id.* ¶ 3. Thus, plaintiff had a reasonable opportunity on September 21, 1984, and October 1, 1984, to defend himself against all evidence considered by the Committee to find him guilty. The Court therefore concludes that plaintiff received all the process due him.

## IV. THE REQUIREMENTS OF SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTION v. HILL

■ Plaintiff challenges the sufficiency of the evidence supporting the Adjustment Committee's finding of guilt on November 30, 1984. *See* Plaintiff's Traverse to Summary Judgment, ¶¶ 6, 10. Specifically, he points out that the affidavits of Peters and Ricketts exonerated him of the assault charges.

In *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455–56 (1985), the Supreme Court articulated the standard for determining whether the quantum of evidence relied upon by a prison disciplinary board satisfies due process:

> [T]he requirements of due process are satisfied if some evidence supports the

decision by the prison disciplinary board to revoke good time credits.... Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.... The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

In the case at bar, there was clearly "some evidence"—"some basis in fact"—to support the Committee's decision: Carroll testified that he witnessed plaintiff and another prisoner beating Peters. The quantum of evidence relied on by the Committee, despite the contradictory statements of Peters and Ricketts, is sufficient under *Hill,* and the Committee summary adequately specifies the evidence underlying the decision. *See Redding v. Fairman,* 717 F.2d 1105, 1115–16 (7th Cir.1983), *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1282, 79 L.Ed.2d 685 (1984).

## V. CLAIM AGAINST DONAHUE

Plaintiff complains that ARB member Donahue violated his rights under the Constitution and state law in connection with denying his grievance. This claim fails. First, the Fourteenth Amendment does not require administrative review of prison disciplinary actions. *Woodall v. Partilla,* 581 F.Supp. 1066, 1076 (N.D.Ill.1984). Second, section 1983 provides no remedy for deprivations of state protected rights. *Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (N.D.Ill.1982).

For the reasons set forth herein, defendants' motion for summary judgment is granted. It is so ordered.