Elijah BAPTIST, Plaintiff,

v.

Michael P. LANE, et al., Defendants.

Charles CRISS, Plaintiff,

v.

Michael P. LANE, et al., Defendants.

Nos. 89 C 1201, 89 C 1765.

United States District Court,
N.D. Illinois, E.D.

March 15, 1989.

Elijah Baptist, pro se.

Charles Criss, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On December 31, 1988 an inmate walked away from the minimum security farm at Stateville Correctional Center ("Stateville"), which is (apart from the farm) a maximum security prison. Six days later prison officials transferred all "C number" inmates [1] at the farm back into the general population within the Stateville walls.

Elijah Baptist ("Baptist") and Charles Criss ("Criss") were among the inmates removed from the farm. Alleging the transfers violated their right to due process under the Fourteenth Amendment, Baptist and Criss bring separate civil rights complaints seeking relief under 42 U.S.C.

---

1. For the most part "C-number" inmates are Illinois inmates sentenced for crimes committed before February 1, 1978 who continue under the parole system because they were not eligible for receiving a fixed release date when the state switched to a determinate sentencing system (see *Graham v. Thompson,* 1988 WL 64267, 1988 U.S.Dist. LEXIS 5537, at 2 (N.D.Ill. June 10, 1988)). Inmates whose sentences included a minimum term of 20 years or more are precluded from receiving a fixed release date (Ill.Rev. Stat. ch. 38, ¶ 1003–3–2.1).

§ 1983. Each asks leave to file his complaint in forma pauperis under 28 U.S.C. § 1915 ("Section 1915").

▪ Deprivation of a protected liberty or property interest is an essential element of any due process claim (*Simpkins v. Sandwich Community Hospital*, 854 F.2d 215, 217 (7th Cir.1988)). Plaintiffs here apparently assert a liberty interest in remaining in Stateville's minimum security farm. Fourteenth Amendment protected liberty interests may arise from either of two sources: the Due Process Clause itself or state laws and regulations (*Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983)).

▪ No state prisoner has an inherent due process right either to serve his sentence in a particular prison or section of a prison (*Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir.), *cert. granted on other grounds sub nom. Neitzke v. Williams*, — U.S. —, 109 S.Ct. 53, 102 L.Ed.2d 32 (1988); *Shango v. Jurich*, 681 F.2d 1091, 1098 (7th Cir.1982)) or to receive a particular security classification (*Meriwether v. Faulkner*, 821 F.2d 408, 415 n. 7 (7th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987); see *Harris v. McDonald*, 737 F.2d 662, 663 (7th Cir.1984) (per curiam); *Kincaid v. Duckworth*, 689 F.2d 702, 704–705 (7th Cir.1982), *cert. denied*, 461 U.S. 946, 103 S.Ct. 2126, 77 L.Ed. 2d 1305 (1983)). Thus, to claim the mantle of due process protection these plaintiffs must allege the infringement of a liberty interest created by state law. Here they point to no regulation or law that limits official discretion as to transfer or classification decisions in such a manner as to give rise to an entitlement warranting due process protection. Nor does this Court's independent review of relevant state laws

and regulations disclose any such limitation on the prison officials' authority to transfer or reclassify a prisoner.

Plaintiffs' allegations closely parallel those dealt with in *Mathews v. Fairman*, 779 F.2d 409 (7th Cir.1985). Mathews was confined in a medium security farm at Pontiac Correctional Center. Like plaintiffs in this case, he and several other Pontiac farm inmates were reassigned back to the maximum security unit after two prisoners escaped from the farm. Mathews contended the administrative regulation governing prison assignments created a liberty interest under the Fourteenth Amendment. But reading the regulation to impose only procedural rather than substantive limits on official discretion, our Court of Appeals rejected Mathews' claim that his reassignment to the maximum security unit at Pontiac triggered the protection of procedural due process (*id.* at 414–15).

True enough, the assignment regulations considered in *Mathews* have since been replaced (see *Jackson v. O'Leary*, 689 F.Supp. 846, 848 n. 3 (N.D.Ill.1988)).[2] Nonetheless, as this Court found in *Jackson, id.* at 849, the current regulations governing security classifications and institutional assignments, like their predecessors, are structured in such a manner as to allow maximum discretion to those entrusted with responsibility for making assignments and classifications. Indeed, if anything, the changes in the regulations evidence an attempt by prison officials to make it even more clear that decisions regarding such matters are to be made without the encumbrance of any procedural protections due process might dictate. While the present regulation lists several factors prison officials might take into consideration in making reassignments, it specifically states the list is nonexclusive, essentially permitting prison officials to make

---

**2.** Under Illinois law "[a] person sentenced for a felony may be assigned by the Department of Corrections to any of its institutions, facilities or programs" (Ill.Rev.Stat. ch. 38, ¶ 1005-8-6(a)). Upon reception of an inmate into custody, the Department of Corrections prepares a social evaluation to assist with the initial classification and institutional assignment decision (*id.*

¶ 1003-8-2; 20 Ill.Adm.Code § 503.20 (see 11 Ill.Reg. 11505 (1987)). Assignments, which include institutional assignments and security classifications, are governed by 20 Ill.Adm.Code §§ 402.10, et. seq. *Jackson* sets out in full the relevant portions of the regulations governing assignments.

reassignment decisions based on whatever reason they feel is appropriate to the situation. Because the regulation thus effectively allows officials to reassign an inmate for any reason, plaintiffs cannot legitimately claim a justifiable expectation of remaining in a minimum security unit. Their interest in continued assignment to a minimum security unit is not entitled to due process protection.

Accordingly, plaintiffs' due process claims are frivolous in the legal sense as defined in *Williams,* 837 F.2d at 306–07. This Court therefore denies the motions for leave to file in forma pauperis and dismisses these cases with prejudice pursuant to Section 1915(d). Baptist's motion for appointment of counsel is denied as moot.