**In re Lamar CHAPMAN III and Vanessa M. Chapman, Debtors.**

**Lamar CHAPMAN III, Plaintiff,**

v.

**BURTON BERGER & ASSOCIATES and James Gregory Smith, Defendants.**

**Bankruptcy No. 92 B 14548.**
**Adv. No. 92 A 1523.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 4, 1993.

Lamar Chapman, pro se.

Adrienne M. Zibelman, Burton Berger and Associates, Chicago, IL, for defendant Burton Berger & Associates.

Sandra Castillo, Asst. Atty. Gen., General Law Div., Chicago, IL, for defendant Smith.

### MEMORANDUM OPINION ON DEFENDANTS' MOTIONS TO DISMISS

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor Plaintiff Lamar Chapman filed this *pro se* adversary complaint seeking various forms of relief against defendants Burton Berger & Associates ("BB & A")

and Judge James Gregory Smith of the Circuit Court of Cook County, Illinois. Both defendants responded by motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), (Fed.R.Bankr.P. 7012). BB & A's motion also asks this Court to impose sanctions on Mr. Chapman pursuant to Rule 11, Fed. R.Civ.P. (Fed.R.Bankr.P. 9011). For reasons stated below, the motions to dismiss are granted. Debtor's adversary complaint is dismissed with prejudice as to defendant BB & A. Since this Court has only related jurisdiction over the complaint against Judge Smith, it is recommended that the District Court dismiss the Complaint against him with prejudice.

### PROCEDURAL BACKGROUND

Plaintiff and his wife filed their petition for relief pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq.*, on June 30, 1992. As of this date, no plan has been confirmed.

BB & A filed its proof of claim in this bankruptcy proceeding on October 22, 1992, claiming an unsecured debt in the amount of $20,350. The basis for this claim is a judgment order entered on June 26, 1992 by defendant Judge Smith in a case before him. That order provided that "Judgment is entered in favor of Burton Berger & Assoc. and against Lamar C. Chapman III in the amount of $20,350.00 as [illegible] for sanctions." The instant adversary complaint relates to that judgment and the BB & A claim based thereon. Indeed, as to BB & A, this case amounts to a defense and counterclaim to the BB & A claim.

### PLAINTIFF'S ALLEGATIONS

Debtors assert that "the Proof of Claim as filed by BB & A is a fraudulent claim based on a State Court judgment void on its face for lack of trial court jurisdiction over the parties." The basis for this assertion is then explained:

It is alleged that Lamar Chapman filed an action entitled *Lamar C. Chapman, III v. Currie Motors, Incorporated, Abraham Jaffe, Steven Jankelow, James Hoffman,*

*and unknown owners,* No. 90 M1–134636 in 1990. That complaint was based on an alleged determination by the Illinois Department of Labor that Currie Motors was liable to Mr. Chapman for unpaid wages due pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (formerly Ill.Rev.Stat. Ch. 48, §§ 39m–1 *et seq.*). *See* Complaint, Exs. A & B. On December 13, 1991, a default judgment was entered against state court defendant Steven Jankelow and in favor of Mr. Chapman in the amount of $202,574.25 plus costs. Exs. C & D. Mr. Burton Berger of BB & A represented the defendants in this action.

That judgment was later voided by order of Judge Smith on February 6, 1992, and Mr. Chapman's suit was dismissed. Plaintiff contends that this judicial order was not entered pursuant to notice. *See* Complaint, Count I, ¶ 25 ("without notice, motion or jurisdiction, defendant Burton Berger & Associates, acting in conjunction with defendant James Gregory Smith entered a State Court Order ...").

On June 26, 1992, sanctions were awarded against Mr. Chapman in the amount of $20,350.00. He now asserts that this sanction was not entered pursuant to a previously filed motion. *See* Complaint Count II, ¶ 20 ("This Order of Sanctions was entered without notice or petitions being filed with the Clerk of the Circuit Court").

Plaintiff pleads that the firm of BB & A and Judge Smith acted in conjunction to deprive Mr. Chapman of his rights in violation of 42 U.S.C. § 1983, and he seeks damages in the amount of the allegedly valid judgment against Mr. Jankelow.

### Jurisdiction

This matter is before the Court pursuant to 28 U.S.C. § 157 and is referred here under Local District Court Rule 2.33. Subject matter jurisdiction lies under 28 U.S.C. § 1334(b).

■ Since the Plaintiff–Debtor is objecting to BB & A's proof of claim as well as filing a counterclaim thereto, the controversy between this Debtor and BB & A is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (C). *In re Chapman,* 132 B.R. 132, 142 (Bankr.N.D.Ill.1991).

■ However, the controversy between Plaintiff and Judge Smith consists of a claim for damages under 42 U.S.C. § 1983. This action does not invoke any substantive right provided by the Bankruptcy Code, and it certainly could arise outside the context of a bankruptcy case. Therefore, the Court has only "related to" jurisdiction over the controversy between Plaintiff and Judge Smith. *See Diamond Mortgage Corp. of Ill. v. Sugar,* 913 F.2d 1233, 1239 (7th Cir.1990), *cert. denied,* 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991), *quoting Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir.1990) ("a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case").

### Procedural Standards for Motions to Dismiss

In order for Defendants to prevail on their motions to dismiss, it must appear from the pleadings that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Gorski v. Troy,* 929 F.2d 1183, 1186 (7th Cir. 1991). The issue is not whether the Plaintiff can ultimately prevail, but whether he has pleaded a cause of action sufficient to entitle him to offer evidence in support of his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Perkins & Gaynor v. Silverstein et al.,* 939 F.2d 463, 466 (7th Cir.1991). When reviewing a motion to dismiss, the court must consider both well-pleaded facts and reasonable inferences drawn therefrom in a light most favorable to the plaintiffs. *Gorski v. Troy,* 929 F.2d at 1186; *Corcoran v. Chicago Park District,* 875 F.2d 609 (7th Cir.1989).

### Facts Outside the Complaint Argued by Defendants

■ In their arguments and briefs, both Defendants referred to facts and docu-

ments outside of the complaint which are asserted to establish that Mr. Chapman's claims against these Defendants in the state court case (No. 90 M1–134636) were frivolous and had no basis in fact. Such references include factual assertions concerning the actions of the Illinois Department of Labor, and a December 13, 1991 order entered by Judge Smith. These facts and documents were not referenced in Debtor's complaint. Therefore, they are outside of the pleadings. *See Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim"). Only the copy of the state court order dated February 6, 1992, BB & A's Motion, Ex. 2, can be treated as part of the pleadings because it is mentioned in ¶ 26 of Count I of Debtor's complaint. *Id.*

Rule 12(b), Fed.R.Civ.P. (Fed.R.Bankr.P. 7012) provides,

> If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 12(b) thus presents a trial court with a choice when movants present materials beyond the pleadings. A court can either accept the materials and treat the motion as one for summary judgment under Fed.R.Civ.P. 56, or refuse the materials and exclude them from consideration. A court has "complete discretion" in deciding which option to choose. *Fonte v. Bd. of Managers of Continental Towers Condo.*, 848 F.2d 24, 25 (2nd Cir.1988); *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir.), *cert. denied*, 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988); 5A Wright & Miller, *Federal Pract. & Proc.* § 1366. In this case, following a hearing with all parties present, after de-

fendant's counsel made clear they do not seek summary judgment, the Court exercised its discretion not to treat the defendant's pleadings as motions for summary judgment. Therefore, factual references in the defendant's motions, as well as the documents attached thereto which lie outside the pleadings, were and are excluded and not considered for the purposes of deciding these motions. Likewise, any factual assertions by plaintiff in his arguments that are not pleaded in his complaint are not considered for purposes of the motions to dismiss.

### Failure to State a Claim under 42 U.S.C. § 1983

Section 1983, Title 42, U.S.C., provides, in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

For Debtor to state a claim under § 1983, he must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *Gomez v. Toledo*, 446 U.S. 635, 638, 100 S.Ct. 1920, 1922, 64 L.Ed.2d 572 (1980); *Simpkins v. Sandwich Community Hospital*, 854 F.2d 215, 217 (7th Cir.1988); *Davis v. Kirby*, 755 F.Supp. 199, 200 (N.D.Ill.1990).

To the extent that Debtor's complaint against Judge Smith hinges on the assertion that the state court orders in question were entered contrary to Illinois law, that complaint is not cognizable as a § 1983 suit. Mr. Chapman's alleged judgment arose out of the assertion that Currie Motors failed to pay wages in violation of Illinois state law. The allegedly wrongful loss of this judgment from orders entered by Judge Smith was through asserted violations of state law. However, even if such violations had occurred, they would not be

compensable under § 1983. *See Powers v. Coe,* 728 F.2d 97, 105 (2d Cir.1984) ("it is axiomatic that violations of state law alone are insufficient to state a claim for section 1983 relief"); *Quinlan v. Fairman,* 663 F.Supp. 24, 27 (N.D.Ill.1987) ("section 1983 provides no remedy for deprivations of state protected rights").

 The only federally provided right implicated in the instant complaint is Mr. Chapman's right to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution. Specifically, this adversary complaint challenges the adequacy of notice that Mr. Chapman received. To satisfy constitutional due process, litigants must receive "notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *See also Peralta v. Heights Med. Center,* 485 U.S. 80, 85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988) (citing this passage as the accepted standard for the adequacy of notice). *Cf. Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976) (the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner). Courts must look to the totality of the circumstances in determining whether notice was reasonable. *People ex rel. Hartigan v. Peters,* 871 F.2d 1336, 1340 (7th Cir.1989). One circumstance to consider is whether the alleged inadequacy of notice prejudiced the aggrieved party. *Id.* Another circumstance is whether notice was given in time for the aggrieved party to take meaningful action in response to the impending deprivation of rights. *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 13, 98 S.Ct. 1554, 1562, 56 L.Ed.2d 30 (1978). The allegations by Mr. Chapman concerning the two state court hearings at issue clearly demonstrate facially that Mr. Chapman received adequate notice in compliance with the due process clause of the Constitution.

The February 6th order states in pertinent part that:

This cause coming on to be heard on the plaintiff's Motion to impeach [sic] Burton Berger, and his motion for reconsideration of the Dec. 13, 1991 order of Judge Smith; and the motions of the defendants ... to dismiss and strike the 4th amended complaint of Plaintiff, and *this court having served notice* and having heard arguments ...

(2) The Judgment entered against Steven Jankelow is void....

BB & A's Motion, Ex. 2 (emphasis supplied). Thus, the complaint shows that Mr. Chapman received notice of the state court defendant's motion to dismiss, and he does not allege otherwise. Indeed, the complaint alleges that Mr. Chapman attended this hearing. Complaint, Count I, ¶ 25.

The remaining issue that can be inferred from the complaint is the assertion that none of the motions that were presented to the State Court contained in their prayers for relief a request to void the December 13, 1991 judgment against Mr. Jankelow.

 However, that portion of the order voiding the December 13, 1991 judgment obtained by Mr. Chapman would inevitably flow from the decision to dismiss Mr. Chapman's complaint. Dismissal of his complaint would have been meaningless if a judgment incorrectly entered therein was left intact notwithstanding such dismissal. Therefore, Mr. Chapman has no right to complain that he failed to receive notice that an order voiding his judgment could be entered pursuant to defendant's motion to dismiss his complaint; the motion to dismiss was tantamount to a request to vacate any judgment that had been entered.

 The June 26 sanction order entered by the State Court begins, "[t]his cause coming on to be heard on the petition for sanctions and fees ... the court having heard evidence ... and arguments of the parties...." Complaint, Count II, ¶ 22. Mr. Chapman alleges that the motion for sanctions was not filed with the court at the proper time. Even assuming that this assertion were correct, Mr. Chapman has still not alleged that defendants failed to

serve any notice of the motion upon him. Mr. Chapman alleged that he attended the June 26 hearing, Complaint, Count II, ¶ 17, and his Complaint does not show how the asserted failure to file timely documents with the Clerk of the Circuit Court could have prejudiced Mr. Chapman's ability to defend himself against the motion.

Thus, Debtor's complaint fails to state a claim for deprivation of Mr. Chapman's due process right to adequate notice in relation to either of the orders entered on February 6 and June 26.

■■■ Another reason that this complaint against Judge Smith fails to state a claim upon which relief can be granted stems from the relief sought. The suit asks this Court to review the final orders entered by Judge Smith and make a determination that he was wrong in determining that the motions of the state court defendant were properly before him. Thus, the complaint here is really an attempt to federalize any possible appeal by plaintiff from Judge Smith's orders. Such a request raises serious comity and federalism concerns that deprive this Court of authority to perform such a review. The Supreme Court noted in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983) that, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court." *See also Rogers v. Platt*, 814 F.2d 683, 694 (D.C.Cir. 1987) ("Federal review of state court decisions so vividly encroaches on state sovereignty that it is normally exercised only by the Supreme Court"). The Supreme Court's pronouncement in *Feldman* is applicable in this forum since a Bankruptcy Judge is part of a unit of the District Court. 28 U.S.C. § 151 ("In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court ..."). Therefore, this Court lacks the authority to sit in review of the state court decisions at issue in this case.

■■■ Finally, the complaint contains several assertions that the state court lacked jurisdiction to enter the orders in question.

These allegations have no basis because there are no pleaded facts to support these legal arguments. Indeed, all the challenged orders were entered in a case filed by Mr. Chapman. Also, this Court cannot directly review a state court's determinations about its jurisdiction.

### Judge Smith's Absolute Immunity from Suit

■■■ The Supreme Court has long held that judges are absolutely immune from liability under § 1983 for their judicial actions. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The only exception to this rule is if the judge acted in the "clear absence of all jurisdiction". *Stump*, 435 U.S. at 357, 98 S.Ct. at 1105, *quoting Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646 (1872). The Supreme Court gave the following example to illustrate what is meant by a "clear absence of jurisdiction":

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357 n. 7, 98 S.Ct. at 1105 n. 7, *citing Bradley*, 13 Wall. at 352, 20 L.Ed. 646.

In the instant case, Plaintiff has clearly failed to allege that Judge Smith was acting in the "clear absence" of his jurisdiction when he ruled against Mr. Chapman at the June 26 hearing. Mr. Chapman certainly concedes that Judge Smith is an associate judge of the Circuit Court of Cook County. Complaint, ¶ 3. As an associate judge, he had authority to hear motions and enter orders in Mr. Chapman's case (No. 90 M1–134636). *See* Ill. Const. art. VI, § 8 ("The Supreme Court shall provide by rule for matter to be assigned to Associate Judges"), and Ill.Sup.Ct.R. 295 (providing for the chief judge of any circuit to assign

associate judges to hear and determine any civil matters).

Furthermore, there is no question that Judge Smith's actions were judicial in nature. He was acting on motions in the case filed by Mr. Chapman. Assuming *arguendo* that proper notice was not properly sent to Mr. Chapman and that the judge erroneously entered the orders submitted by Currie Motors' counsel, the most he did was to commit error under Illinois law. However, such alleged error would not constitute an action taken in the "clear absence" of jurisdiction. In *Stump,* a state court judge approved an *ex parte* petition to have the petitioner's daughter sterilized. Upon discovering what happened to her, the daughter sued that judge for damages under § 1983. The Supreme Court held, under applicable state law, that the judge had authority to entertain the petition, and that the judge's approval of the petition was still a judicial act despite the *ex parte* nature of the proceedings. *Stump,* 435 U.S. at 355–64, 98 S.Ct. at 1104–08. This general principle was subsequently reaffirmed in *Forrester v. White,* 484 U.S. 219, 225, 108 S.Ct. 538, 543, 98 L.Ed.2d 555 (1988) (where the Supreme Court ruled that state judges' absolute immunity does not extend to actions taken in discharging or disciplining state court employees). If a completely *ex parte* motion did not deprive a judge of his immunity, then certainly an asserted failure to comply with the technical requirements of Illinois procedural law could not deprive Judge Smith of his immunity for entering the February 6 and June 26 orders. Thus, Judge Smith was absolutely immune from any civil action instituted by Debtors when he entered the orders in Mr. Chapman's case.

### Debtor's Objection to BB & A's Claim

■ Debtor's objection to BB & A's proof of claim is that the state court order awarding it attorney's fees as sanctions is "void on its face for lack of trial court jurisdiction over the parties." Complaint, Objection, ¶ 13. There are no facts pleaded to support this assertion. Indeed, this claim is contradicted by copies of the orders showing that the February 6 and June 26 orders were entered in the very case that was initiated by Mr. Chapman. Furthermore, for reasons stated above, this Court lacks the authority to examine whether this assertion is correct since such an examination would entail directly reviewing the state court's orders. Therefore, the objection to BB & A's proof of claim must also be dismissed.

### Sanctions Against Mr. Chapman

■ Fed.R.Bankr.P. 9011 provides, in pertinent part:

> .... A party who is not represented by an attorney shall sign all papers.... The signature of ... a party constitutes a certificate that the ... party has read the document; that to the best of the ... party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it ... and appropriate sanction....

This rule is analogous to Fed.R.Civ.P. 11, and cases interpreting Rule 11 are applicable to Bankruptcy Rule 9011 issues. *In re Memorial Estates, Inc.,* 132 B.R. 19, 22 (N.D.Ill.1991). There are four criteria embodied in Rule 11:

> The Rule contains several strands. There must be "reasonable inquiry" into both fact and law; there must be good faith (that is, the paper may not be interposed "to harass"); the legal theory must be objectively "warranted by existing law or a good faith argument" for the modification of existing law; and the lawyer must believe that the complaint is "well grounded in fact". The attorney filing the complaint or other paper must satisfy all four requirements.

*Thompson v. Duke,* 940 F.2d 192, 195 (7th Cir.1991); *quoting Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1080 (7th Cir.1987). While *pro se* litigants are frequently given latitude in the review of their filings, Rule 9011 is clearly applicable to them. *Shrock v. Altru Nurses Registry,* 810 F.2d 658, 661–62 (7th Cir.1987).

 Mr. Chapman signed the Complaint in this case, and there are two grounds for considering sanctions against him. First, there is no legal basis for the claims in the complaint. Any reasonable examination of relevant legal authority would have revealed that this complaint faced the several insurmountable barriers earlier discussed. A holding in support of this suit would be a radical departure from existing precedent, yet Mr. Chapman failed to present any reasonable argument or authority for taking such a step.

Even if Mr. Chapman, as a chronic *pro se* litigant, failed to see that his complaint was frivolous through his own research, he received a crystal clear warning from his earlier litigation. Mr. Chapman filed a complaint in the United States District Court for the Northern District of Illinois against Burton Berger, Currie Motors, three state court judges (other than Judge Smith), and others alleging violations of his civil rights under § 1983. In that complaint, Mr. Chapman sued various parties involved with two state court actions which he had lost. United States District Judge Rovner dismissed this complaint on substantially similar grounds to those discussed in this Memorandum Opinion. *See Chapman v. State of Illinois, et al.,* No. 92 C 0120, slip op., 1992 WL 6710 (N.D.Ill. Jan. 14, 1992). Despite having this opinion in his possession, Mr. Chapman proceeded to file the instant complaint eleven months later. Thus, he clearly should have known before he filed this case that his complaint had no legal basis.

Second, this complaint was clearly filed in bad faith for the purpose of harassing the defendants and increasing the cost of litigating against Mr. Chapman. This is evident from an examination of Mr. Chapman's conduct before this and other courts.

Mr. Chapman is a most litigious individual. He has appeared many times before the Cook County Circuit Court, Illinois Appellate Court, this Bankruptcy Court, the United States District Court, and the Seventh Circuit Court of Appeals. Indeed, at one hearing before this Court, Mr. Chapman stated that he was not employed because he had to devote so much of his time to litigating his various disputes. Not including the present case, this Court and the District Court have produced at least eight Opinions (some unpublished or released only to Lexis and Westlaw) in response to Mr. Chapman's various complaints and motions. Mr. Chapman has lost on the merits in every one of them. *See, e.g., In re Chapman,* 1992 WL 206246, 1992 Bankr.Lexis 1279 (Bankr.N.D.Ill. Aug. 7, 1992) (denying a motion of Mr. Chapman for this Court to recuse itself from presiding over his case, the grounds of that motion being this Court's alleged "over-exposure" to Mr. Chapman). Moreover, this complaint was filed within a week of a complaint alleging that Currie Motors violated Mr. Chapman's civil rights. That complaint is also being dismissed.

The Seventh Circuit has recognized that such behavior is grounds for sanctions under Rule 11:

> One cost of a lawsuit is research. An attorney must ascertain the facts and review the law to determine whether the facts fit within a recognized entitlement to relief. This may be a costly endeavor. . . . It would warp the system if a lawyer for a would-be claimant could simply file a claim and require the adversary to do both the basic research to identify the claim and then the further work to craft a response. Suits are easy to file and hard to defend. Litigation gives lawyers opportunities to impose on their adversaries costs much greater than they impose on their own clients. The greater the disparity, the more litigation becomes a predatory instrument rather than a method of resolving honest disputes. . . . When an attorney recklessly creates needless costs the other side is entitled to relief. Rule 11 was amended in 1983 to make it easier for a

court to award fees, indeed perhaps to make the award mandatory in some cases.

*In re TCI Ltd.*, 769 F.2d 441, 446 (1985). *See also Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989).

'The Rule requires counsel to read and consider before litigating.' *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir.1986). Counsel may not drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation.

The primary goal of this complaint is an attempt to reverse the state court judgments against Mr. Chapman. Instead of merely litigating this matter before the Illinois Appellate Court, Mr. Chapman has dragged Currie Motors, BB & A, and others into federal Court. His litigation strategy can be explained as an attempt to erode his opponents' will to fight without reasonable legal basis to anticipate success here. Such strategy is sanctionable under Rule 9011.

Thus, for both reasons discussed, sanctions against Mr. Chapman pursuant to Rule 9011 must be considered, and a hearing to do so will be set.

## CONCLUSION

Accordingly, by order entered separately this day, Debtor's complaint is finally dismissed against Burton Berger, and this Court recommends that the District Court dismiss the suit against Judge Smith. However, this matter will be set for a further hearing to consider BB & A's request for sanctions, and the Court reserves jurisdiction to do so.