Harry Lawrence WILLIAMS, Sr., Plaintiff-Appellant,

v.

Gordon H. FAULKNER, et al., Defendants-Appellees.

No. 87–1417.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 17, 1987.*

Decided Jan. 12, 1988.

Rehearing and Rehearing En Banc Denied Feb. 12, 1988.

* After a preliminary examination of the briefs filed in this appeal, the court notified the parties that it had tentatively concluded that oral argument would not be helpful. This notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Circuit Rule 34(f). None of the parties filed such a statement, and therefore the appeal was submitted on the briefs and record.

Harry Lawrence Williams, Sr., pro se.

David A. Nowak, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before BAUER, Chief Judge, and COFFEY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Harry Lawrence Williams, Sr. appeals from the district court's order dismissing his *pro se* complaint as frivolous, pursuant to 28 U.S.C. § 1915(d), and denying him leave to proceed *in forma pauperis*. For the reasons stated below, we affirm in part, reverse in part, and remand to the district court for further proceedings.

I.

Plaintiff-appellant Harry Williams, Sr. is an inmate in the custody of the Indiana

Department of Corrections. A doctor at the Indiana State Prison diagnosed Williams as having a small brain tumor which affects his equilibrium. Because of this condition, the prison doctor placed Williams on "medical idle status" for one year, and noted that "it is very likely that he will have this condition for some time to come."

Upon his transfer to the Indiana State Reformatory on October 18, 1985, Williams notified the Reformatory's medical staff about his brain tumor and the prison doctor's recommendation that he remain on "medical idle status." In his complaint, Williams alleged that on several occasions he asked to be seen by the doctor at the Reformatory for treatment of his tumor. He further alleged that although he was examined several times during the following year, the Reformatory doctors refused to treat Williams for his brain tumor. Williams was also forced to work in the Reformatory's garment manufacturing industry despite the prison doctor's recommended work restriction. In October of 1986, one year after his transfer to the Reformatory, Williams' equilibrium problems worsened; as a result, he refused to continue working in the Reformatory's garment manufacturing industry. The Reformatory Conduct Adjustment Board disciplined Williams for his refusal to work by transferring him to a less desirable cellhouse.

Williams filed a *pro se* complaint alleging that various Indiana state prison officials violated his rights under the eighth and fourteenth amendments by denying him medical treatment and transferring him to a less desirable cellhouse without due process in violation of 42 U.S.C. § 1983. In addition to his complaint, Williams filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The district court dismissed Williams' complaint *sua sponte* under 28 U.S.C. § 1915(d),[1] finding the complaint frivolous because it failed to state a claim upon which relief could be

1. The statute provides, in relevant part, that "[t]he court ... may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d).

granted. The district court also denied Williams leave to proceed *in forma pauperis*.[2]

In response, Williams filed a motion to vacate the court's judgment and a motion which the district court construed to be a motion to amend his complaint. The district court held that Williams' amended complaint still failed to state a claim upon which relief could be granted and was therefore frivolous within the meaning of 28 U.S.C. § 1915(d); the court affirmed its previous order dismissing Williams' complaint *sua sponte*. Williams filed a timely notice of appeal.

Because we conclude that the district court applied an incorrect standard for determining when a *sua sponte* dismissal of a *pro se* complaint is appropriate under 28 U.S.C. § 1915(d), we reverse its judgment in part and remand for further proceedings. Even under the appropriate *sua sponte* dismissal standard, however, Williams' due process claim is clearly frivolous. We therefore affirm that part of the district court's judgment dismissing Williams' due process claim.

## II.

### A.

To ensure that indigents have access to the courts, Congress enacted 28 U.S.C. § 1915[3] which established a system for *in forma pauperis* litigation. Congress recognized, however, the danger that without the monetary disincentives to filing suit, the federal courts could be opened to a flood of spurious litigation. *Jones v. Morris*, 777 F.2d 1277, 1278–79 (7th Cir.1985),

cert. denied, 475 U.S. 1053, 106 S.Ct. 1280, 89 L.Ed.2d 587 (1986); *Brandon v. District of Columbia Board of Parole*, 734 F.2d 56, 59 (D.C.Cir.1984), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). To address these competing concerns, Congress gave district courts the authority to dismiss frivolous or malicious *in forma pauperis* complaints. 28 U.S.C. § 1915(d); *Jones*, 777 F.2d at 1279. A district court's discretion to dismiss *pro se*, *in forma pauperis* complaints, however, is limited "in every case by the language of the statute itself which restricts its application to complaints found to be frivolous or malicious." *Jones*, 777 F.2d at 1279 (*quoting Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir.1985)). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his [or her] claim for relief." *Jones*, 777 F.2d at 1279–80 (*quoting · Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir.1983)); *see also Brandon*, 734 F.2d at 59 (a frivolous *pro se* complaint is one where "there is indisputedly absent any factual and legal basis for the asserted wrong.").

### B.

■ The district court dismissed Williams' complaint because it failed to state a claim upon which relief could be granted; the court thereby equated the dismissal standards of Rule 12(b)(6) and § 1915(d). This case therefore raises the question of whether our established test for the *sua sponte* dismissal of frivolous *pro se*, *in forma pauperis* complaints under 28 U.S.C. § 1915(d) differs in any re-

---

**2.** The district court's denial of Williams' motion to proceed *in forma pauperis* was consistent with the procedure outlined in *Wartman v. Branch 7, Civil Division, County Court*, 510 F.2d 130, 132–34 (7th Cir.1975). In *Wartman*, this court stated that a district court may deny a motion to proceed *in forma pauperis* if it finds that the complaint is frivolous. Other circuits, however, grant or deny *in forma pauperis* status based on the plaintiff's financial resources alone and then independently determine whether to dismiss the complaint as frivolous. *See, e.g., Franklin v. Murphy*, 745 F.2d 1221, 1226–27 n. 5 (9th Cir.1984); *Boyce v. Alizaduh*, 595 F.2d 948, 950–51 (4th Cir.1979).

**3.** 28 U.S.C. § 1915(a) provides:

Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs of security therefore, by a person who makes affidavit that he is unable to pay such costs or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

spect from the test for the dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] Rule 12(b)(6) permits the dismissal of a complaint for failure to state a claim upon which relief can be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 42, 78 S.Ct. 99, 100, 2 L.Ed.2d 80 (1957); *Benson v. Cady,* 761 F.2d 335, 338 (7th Cir.1985). Under § 1915(d), in contrast, an *in forma pauperis, pro se* complaint can be dismissed *sua sponte* by the district court only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief. Thus, the § 1915(d) test is less stringent than the Rule 12(b)(6) dismissal standard. The fact that a *pro se, in forma pauperis* complaint fails to state a claim upon which relief could be granted under Rule 12(b)(6) does not, in and of itself, warrant the *sua sponte* dismissal of the case as frivolous under § 1915(d).[5] In the limited circumstance of *pro se, in forma pauperis* litigation, *sua sponte* dismissal is appropriate only if the complaint is frivolous or malicious within the meaning of § 1915(d).

Our holding that the test for dismissal under § 1915(d) is not the same as the test for a 12(b)(6) dismissal, is in accord with the United States Court of Appeals for the District of Columbia Circuit's decision in *Brandon,* 734 F.2d 56. The *Brandon* court held that "a complaint need not indisputably state a cause of action to survive *sua sponte* dismissal; instead, if the complaint has at least *an arguable* basis in law and fact—if the complaint is *viable*—it cannot be deemed frivolous." *Id.* at 59 (emphasis in the original). The *Brandon*

court's focus, as well as our own, is on a district court's *sua sponte* dismissal of a *pro se, in forma pauperis* complaint.

Although our decision today does not alter our previous standard for frivolity—where the petitioner can make no rational argument in law or fact to support his or her claim for relief—we emphasize that this threshold determination, when made without the benefit of defendant's pleadings, must be more lenient than the determination to dismiss a complaint under 12(b)(6). A *pro se, in forma pauperis* complaint should not be dismissed *sua sponte* as frivolous unless there is "indisputably absent any factual or legal basis for the asserted wrong." *Brandon,* 734 F.2d at 59. In a close case, the court should permit the claim to proceed at least to the point where responsive pleadings are required. *Jones,* 777 F.2d at 1281. This rule should actually reduce the work of the federal courts by preventing, through premature dismissal, the creation of appeals based on incomplete records. *Id.* at 1280.

### III.

Applying the proper standard for a *sua sponte* dismissal of a *pro se, in forma pauperis* complaint, we conclude that the district court prematurely dismissed Williams' eighth amendment claim. At this stage of the proceedings, we must consider all of the documents Williams filed in support of his claim and accept his allegations as true. *See Matzker v. Herr,* 748 F.2d 1142, 1148 n. 5 (7th Cir.1984). Williams alleged in his complaint that he was diagnosed as having a brain tumor that affects his equilibrium; that the defendant Dr. Choi was aware of his condition; that Dr. Choi did not give Williams any treatment for the tumor,[6] thereby endangering his

---

**4.** Rule 12(b)(6) provides in pertinent part:

Every defense, in law or fact, ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(6) failure to state a claim upon which relief can be granted

....

Fed.R.Civ.P. 12(b)(6).

**5.** There are, however, situations where a complaint both fails to state a claim upon which relief can be granted pursuant to 12(b)(6) *and* is frivolous within the meaning of § 1915(d). One common example is a case in which it is clear that the defendants are immune from suit. *See, e.g., Williams v. Goldsmith,* 701 F.2d 603 (7th Cir.1983) (all defendants absolutely immune).

**6.** Appellees' counsel argues on appeal that Williams' own submissions to the court estab-

life; and that he was forced to work in the Reformatory garment manufacturing industry despite the recommendation of the prison doctor that he be placed on medical idle status.

We agree with the district court that Williams' eighth amendment allegations fail to demonstrate the level of deliberate indifference necessary to survive a motion to dismiss under Rule 12(b)(6). *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), *reh. denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977); *Campbell v. Greer,* 831 F.2d 700, 702–03 (7th Cir.1987); *Shockley v. Jones,* 823 F.2d 1068, 1072 (7th Cir.1987); *Duckworth v. Franzen,* 780 F.2d 645, 652–53 (7th Cir.1985), *cert. denied,* ——— U.S. ———, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). Williams' complaint, however, is not frivolous within the meaning of 28 U.S.C. § 1915(d) because we cannot state with certainty that Williams is unable to make any rational argument in law or fact to support his claim for relief. Because Williams' eighth amendment claim was not frivolous as to some of the defendants, the district court should have required those defendants to answer the complaint.

Williams specifically alleged that Dr. Choi refused to treat his brain tumor even though Williams informed him of its existence; this allegation is sufficient to demonstrate Dr. Choi's responsibility for the alleged eighth amendment violation. Additionally, at the pleading stage we can presume that defendant Nietzke, in his role as Administrator of the Infirmary, was responsible to ensure that Williams received adequate medical care. We therefore can infer Nietzke's personal involvement in the alleged misconduct for the purpose of evaluating the district court's dismissal of Williams' complaint. *See Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir.1981). We hold, therefore, that as to defendants Choi and Nietzke, the district court improperly dismissed Williams' eighth amendment

claim and we reverse and remand to the district court for further proceedings.

As to defendants Hank, Cohn, and Faulkner, however, we agree that the complaint should be dismissed as frivolous. Williams alleged no personal involvement on their part, and their positions as Assistant Superintendent (Hanks), Superintendent of the Indiana State Reformatory (Cohn), and as Commissioner of the Indiana Department of Corrections (Faulkner) do not justify any inference of personal involvement in the alleged deprivation of medical care. *Id.* at 656; *Boyce v. Alizaduh,* 595 F.2d 948, 953 (4th Cir.1979). Recovery against these three defendants cannot be imposed vicariously on a theory of *respondeat superior. See Duncan,* 644 F.2d at 655; *Adams v. Pate,* 445 F.2d 105, 107 (7th Cir.1971). We therefore conclude that the complaint was properly dismissed as frivolous as to these three defendants because Williams cannot make any rational argument in law or fact to support his claim for relief against them.

IV.

■ In his complaint, Williams also alleged that his due process rights under the fourteenth amendment were violated when he was transferred, without a classification hearing, from one cellhouse to another because he refused to work. The district court concluded that Williams had not alleged any deprivations of liberty or property as a result of his transfer and, in any event, that he had no constitutionally protected right to remain in any particular wing of the institution. The district court therefore held that Williams' fifth amendment claim failed to state a claim upon which relief could be granted and *sua sponte* dismissed that count of the complaint. The relevant inquiry, however, is whether or not Williams can make any rational argument in law or fact to support this claim. Because Williams' due process

lish that in fact he has been treated for the brain tumor. They point to a "Notice of Tort Claim," attached to Williams' complaint, where Williams states that Dr. Choi treated him for "a seizure disorder." We cannot definitively con-

clude, however, that the seizure disorder was a result of, or in any way related to, the brain tumor. In any event, we must accept Williams' allegations as true at this stage of the proceedings.

claim cannot meet this test, it was properly dismissed *sua sponte.*

Prisoners have no constitutionally protected liberty interest in remaining in any particular wing of a prison. *Hanvey v. Pinto,* 441 F.2d 1154, 1155 (3rd Cir.1971). *See also Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983) (no liberty interest in remaining in prison's general population); *Meachum v. Fano,* 427 U.S. 215, 224–25, 96 S.Ct. 2532, 2538–39, 49 L.Ed.2d 451, *reh. denied,* 429 U.S. 873, 97 S.Ct. 191, 50 L.Ed.2d 155 (1976) (no liberty interest in remaining in a particular institution within state system); *Shango v. Jurich,* 681 F.2d 1091, 1098 (7th Cir.1982) (same); *Corgain v. Miller,* 708 F.2d 1241, 1252 (7th Cir.1983) (no liberty interest in remaining in state, as opposed to federal, custody). Absent some statutory or regulatory provision that clearly limits prison officials in the exercise of their discretion, a prisoner may be transferred for any reason, or for no reason at all.[7] *Shango,* 681 F.2d at 1100. Williams has not relied on any Indiana statute or regulation limiting the prison officials' discretion to transfer him to a different cellhouse. Because we are not aware of any such limitation, we hold that Williams cannot make any rational argument in law or fact to support his due process claim. We therefore affirm the district court's *sua sponte* dismissal of Williams' due process claim.

## V.

For the foregoing reasons, the district court's order dismissing *sua sponte* Williams' *pro se* complaint and denying him leave to proceed *in forma pauperis* is affirmed in part and reversed in part. This case is remanded to the district court for further proceedings consistent with this opinion.

---

**7.** A well-established exception to this broad grant of discretion is that prison officials may not transfer a prisoner in retaliation for his exercise of a constitutionally protected right. *Shango,* 681 F.2d at 1098 n. 13; *Buise v. Hudkins,* 584 F.2d 223, 229 (7th Cir.1978), *cert. de-* *nied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979). Williams has not, however, alleged any facts that suggest that his transfer was in retaliation for the exercise of a constitutionally protected right.