**Idris SIDDIQI, Plaintiff,**

v.

**Michael P. LANE, Michael O'Leary and James Greer, Defendants.**

**No. 89 C 07948.**

United States District Court,
N.D. Illinois, E.D.

Feb. 13, 1991.

Idris I. Siddiqi, pro se.

Janice Schaffrick, Asst. Atty. Gen., Chicago, Ill., for defendants.

**MEMORANDUM OPINION
AND ORDER**

ASPEN, District Judge:

Idris Siddiqi, an inmate in the Illinois state prison system, filed a four-count *pro se* complaint *in forma pauperis* under 42 U.S.C. § 1983 (1988) against Michael P. Lane (former director of the Department of Corrections), Michael O'Leary (former warden of the Stateville Correctional Center), and James Greer (former warden of the Menard Correctional Center), alleging violation of his equal protection and due process rights. Pursuant to a motion by defendants, this court dismissed Counts I, III, and IV of the original complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Siddiqi was then granted leave to amend his complaint. The amended complaint alleges that defendants violated Siddiqi's equal protection rights when they assigned him his security classification. For the reasons set forth below, we dismiss

the amended complaint *sua sponte* as frivolous under 28 U.S.C. § 1915(d) (1988).

Siddiqi is currently an inmate at the Pontiac Correctional Center. He has been an inmate at various Illinois correctional centers since at least 1984. Following an attempted escape in April 1985, Siddiqi's security classification was upgraded to that of "high escape risk." Siddiqi alleges that on or about August 1989, defendants Lane and O'Leary intentionally and purposefully upgraded his security classification again, making him a "special" (or "extreme") high escape risk, while other prisoners, who were similar to him with respect to those factors used to establish security classifications, were rated as simply medium or high escape risks. Siddiqi claims that from September 1989 to the spring of 1990 defendant Greer violated his rights by refusing to reduce his security classification after Siddiqi petitioned him to do so. Siddiqi alleges that he was singled out for this reclassification due to his political and religious beliefs, and because of his legal activities.[1] He further alleges that as a result of his security classification he has been denied jobs, educational opportunities, and other privileges afforded to prisoners with similar backgrounds. Based upon these violations, Siddiqi seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

■ Viewing the allegations in the best possible light for the *pro se* plaintiff, as we must, they still do not support a cause of action under 42 U.S.C. § 1983.[2] *Larson v. Mulcrone*, 575 F.Supp. 1, 3 (N.D.Ill.1982), *aff'd without opinion*, 723 F.2d 914 (7th Cir.1983). In *Larson*, plaintiff was an inmate at Illinois' Stateville Correctional Center. *Id.* at 1. Larson alleged that he had been classified as a higher security risk than he deserved to be. *Id.* He alleged that he received the higher classification as a result of a letter written to prison officials which falsely accused him of making threats against law enforcement personnel and their families just prior to his sentencing. *Id.* Larson argued that one of the defendants used the letter to arbitrarily increase his security classification and that such an increase was a violation of his civil rights. *Id.*

■ It is a well-settled principle that an inmate has no constitutional right to a particular security classification status. *Id.* at 3 (citing, *inter alia, Moody v. Daggett*, 429

1. Siddiqi has filed a series of legal actions against various state officials, including the defendants, alleging discrimination and harassment due to his religious beliefs, retaliatory transfer, and violation of certain consent decrees.

2. On February 5, 1991, Siddiqi filed a motion for leave to amend his amended complaint. This "second amended complaint" is virtually identical to the amended complaint. The only significant distinction between the two is that the second amended complaint details the security classification process in somewhat more expansive fashion. In fact, Siddiqi attaches a copy of the Illinois Department of Corrections "Escape Risk Designations" directive 05.05.110A, regulations that he claims defendants violated with respect to his particular classification. Because the second amended complaint fails to overcome the insufficiencies of the amended complaint, however, we deny Siddiqi leave to file it. We also deny his motion for appointment of counsel. The amended complaint's fatal flaw is not a dearth of detail regarding the classification system, but, as we explain in the text of this opinion, a plaintiff inmate's (in)ability to contest a particular security classification. · That being so, we note that the Escape Risk Designations directive submitted by Siddiqi is somewhat less helpful to him than he perhaps hopes. He alleges that, under the policy provisions of the directive, an escape attempt older than five years cannot be "used against" the inmate. The classification system, however, is not that simplistic. Section II(G)(2) of the directive mandates that "one or more" of several conditions must be present for an inmate to be assigned a specific escape risk level. A "level E," or extremely high risk level, is appropriate for an inmate "who poses an extremely serious escape risk due to": (1) an escape or attempted escape within five years while under security escort (including medical furlough); (2) an indicated willingness to escape, as determined by certain factors (including possession of escape paraphernalia); (3) "[b]ehavior"; (4) an outstanding immigration warrant or warrant(s) for major criminal charges; (5) time to serve and type of sentence; and/or (6) "[o]ther appropriate considerations." § II(G)(2)(a)(1)–(6). It is thus clear that Siddiqi could well continue to be considered a "level E" risk for reasons unrelated to his April 1985 escape attempt; indeed, his upgrade from the previous "high escape risk" classification came some time after the April 1985 escape attempt.

**286**

U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976)). Moreover, although a liberty interest in a particular security classification can be granted by state law or official public policy, no such interest exists in Illinois. *Id.* We held in *Larson* that since there could be no liberty interest in an Illinois prisoner's security classification, any actions affecting that classification could not be subject to challenge under 42 U.S.C. § 1983. *Id.* at 4. Accordingly, we dismissed Larson's claim as frivolous under 28 U.S.C. § 1915(d). *Id.*

Similarly, Siddiqi brought his complaint here alleging that the defendants improperly upgraded, or declined to reduce, his security classification and that such action constituted a violation of his civil rights. Although in *Larson* the plaintiff alleged that the defendant used improper information as the basis for the classification change, and in the present case Siddiqi alleges improper motivation, such a distinction is of no consequence. The fact remains that in Illinois a prisoner has no liberty interest in his security classification and therefore no action pertaining to that classification can be maintained under 42 U.S.C. § 1983. *See id.*

 The Seventh Circuit has held that *sua sponte* dismissal of a *pro se, in forma pauperis* complaint is appropriate only when the complaint is frivolous or malicious within the meaning of 28 U.S.C. § 1915(d). *Williams v. Faulkner,* 837 F.2d 304, 306 (1988), *aff'd,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court held that a more lenient standard than that used to dismiss under Fed.R. Civ.P. 12(b)(6) must be employed when considering whether to dismiss a claim as frivolous under § 1915(d). *Id.* at 307. In order for a *sua sponte* dismissal under § 1915(d) to be proper it must be clear that the plaintiff "can make no rational argument in law or fact to support his or her claim for relief." *Id.*

In the *Williams* case, the Seventh Circuit applied this doctrine to a factual scenario analogous to that alleged by Siddiqi. Williams was an inmate who alleged that his civil rights had been violated when he was transferred to a less desirable cellhouse. *Id.* at 305. The court held that prisoners had no liberty interest in remaining in any particular wing of a prison. *Id.* at 309. The court held that since there was no liberty interest, the district court's *sua sponte* dismissal under 28 U.S.C. § 1915(d) was proper. *Id.*

Siddiqi, similarly, has asserted liberty interest that simply does not exist. Accordingly, we find that Siddiqi can make no rational argument in law or fact to support a claim under 42 U.S.C. § 1983, and we hereby dismiss the action as frivolous under § 28 U.S.C. § 1915(d). It is so ordered.