956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Judy HAGNER, Plaintiff/Appellant,
v.
INTERNAL REVENUE SERVICE, et al., Defendants/Appellees.
 No. 90-3246.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.*
Decided March 9, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Judy Hagner filed a complaint against John Ader who is the director of the Internal Revenue Service office in Milwaukee, and against the entire office of the IRS in Milwaukee. Hagner alleged that the office refused to assist her with tax problems that it had created, that an agent (who was not named as a defendant) had threatened her and harassed her, and that the office had violated the Fourteenth Amendment by not mailing her a "letter of intent" before taking her assets. Hagner also moved for the court to appoint counsel, and to issue a restraining order barring the IRS's purported harassments against her.
 
 
 2
 The court dismissed the complaint sua sponte as frivolous under 28 U.S.C. § 1915(d) on the grounds that Hagner had failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). After the court denied Hagner's motion for reconsideration, Fed.R.Civ.P. 59, she filed a timely notice of appeal and the case now stands properly before this court.
 
 
 3
 The dismissal in this case mirrors the dismissal that the Court reviewed in Neitzke v. Williams, 490 U.S. 319 (1989). Neitzke held that a complaint which fails to satisfy Rule 12(b)(6) does not automatically fail to satisfy section 1915(d). Id. at 326. A district court may not dismiss a complaint under Rule 12(b)(6) because it does not believe the facts in the complaint; rather, the Court explained, dismissal on such grounds must be for lack of a legal claim, taking the facts as true. Id. at 326-27. There is, however, "considerable" overlap between Rule 12(b)(6) and section 1915(d), Id. at 326, for example when the defendants are immune from suit. For when defendants are immune from suit "a complaint both fails to state a claim upon which relief can be granted pursuant to 12(b)(6) and is frivolous within the meaning of § 1915(d)." Williams v. Faulkner, 837 F.2d 304, 307 n. 5 (7th Cir.1988).
 
 
 4
 John Ader and the Milwaukee office of the IRS are immune from suit. To begin with, sovereign immunity protects an IRS office against suit by a citizen. Chapoose v. Hodel, 831 F.2d 931, 935 (10th Cir.1987). As to Ader, sovereign immunity bars suit against IRS employees acting in their official capacities, absent express statutory waiver of immunity. Gilbert v. DaGrossa, 756 F.2d 1455 (9th Cir.1985). No waiver occurred because the Federal Torts Claims Act expressly excludes from waiver actions connected with the assessment or collection of taxes. 28 U.S.C. § 2680(c) (1988).
 
 
 5
 Although Hagner does not expressly say so, it is clear that she intended to direct her claim against Ader in his official capacity as director of the IRS's Milwaukee office. For starters he did not assume his position at the IRS in Milwaukee until March 1990; the events that Hagner complains about began in 1987 and just barely overlap the beginning of Ader's term in his current position. Moreover, Hagner admits that Ader has no personal knowledge of the events that gave rise to her claims because of when he assumed his post. Finally, Hagner directs the bulk of her allegations of misconduct against Mark Almon who is not named as a defendant in the suit nor shown to be at all connected to Ader, in his official capacity or otherwise.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs