966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roger L. ROBBINS, Plaintiff-Appellant,
v.
Franklin M. LOTTER, Miss Mary Kimbill, Milwaukee County
House of Corrections Medical Staff, and the
Milwaukee Company Corporation,
Defendants-Appellees.
 No. 89-1380.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 7, 1991.*
Decided June 10, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Roger L. Robbins filed a lawsuit pursuant to 42 U.S.C. § 1983, claiming violations of his constitutional rights during his incarceration in the Milwaukee County House of Correction. The district court denied him leave to proceed in forma pauperis and dismissed his suit as frivolous under 28 U.S.C. § 1915(d). Robbins appeals. We affirm.
 
 I. FACTS
 
 2
 On May 8, 1987, Robbins was sentenced for convictions of four different motor vehicle offenses, two of which are material to his claims in this court. He was sentenced to five months in the House of Correction for one of the offenses, and a one year term of incarceration for another offense. The one year sentence of confinement was stayed, and Robbins was placed on probation for that crime for a period of two years, to be served concurrently with his five months of imprisonment. If he violated probation, the stay was to be lifted, and Robbins was to serve the one year prison term.[1] After serving the five-month sentence, Robbins was released and shortly thereafter violated the terms of his probation, which was then revoked, and he was incarcerated for the additional year.
 
 
 3
 While serving that sentence, Robbins claims he was afflicted with great abdominal pain while he was in a disciplinary cell, and he was granted permission to visit the infirmary for medical attention. He states that his initial request for medical treatment to defendant/appellee Nurse Kimbill was refused and, according to his complaint, she told him that he was not sick enough to see a doctor. He was then "locked in a room with [sic] steel door in pain" (we assume this was in the infirmary). Two days thereafter the doctor examined Robbins and determined that Robbins should be transferred to the Milwaukee County Hospital for further medical evaluation. At the hospital, Robbins' gangrenous appendix was removed. The hospital discharge summary reveals that Robbins had a history of peptic ulcer disease, which was diagnosed five years earlier endoscopically. The report further stated that he was taking Tagamet nightly to help control the peptic ulcer.
 
 
 4
 The Milwaukee County Corporation Counsel rejected Robbins' claim for damages on December 8, 1988, on the grounds that Robbins' complaint of false imprisonment was the result of his misunderstanding of his sentence, and further that there was no evidence in the record that the County employees had engaged in a wrongful act that would tend to support his claim of medical neglect. Robbins then filed this $1.5 million dollar claim (on a court-provided form) against Franklin M. Lotter, Nurse Kimbill and Milwaukee County in the district court, along with a petition and affidavit for leave to proceed in forma pauperis. Robbins attached three exhibits to his complaint: the letter from defendant/appellee Milwaukee County that refuted and denied his claims, transcripts from a state court sentencing hearing and the discharge summary from his hospitalization for appendicitis. The court must consider all of the documents that the petitioner filed in support of his claim and accept as true for purposes of deciding a § 1915(d) dismissal his credible allegations. Williams v. Faulkner, 837 F.2d 304, 307 (7th Cir.1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).
 
 
 5
 Robbins' complaint can be fairly read to allege the following: (1) that he should have been credited for the five months served for one of the offenses when he was incarcerated for violating parole on the other offense; (2) that the length of his imprisonment violated his rights to substantive and procedural due process under the Fourteenth Amendment; and (3) that he was negligently denied immediate medical attention. The claims for credit for time served and the alleged due process violations arising therefrom are not cognizable as § 1983 actions, but rather are issues for a habeas corpus action. Graham v. Broglin, 922 F.2d 379, 380-81 (7th Cir.1991). Therefore, these claims will not be considered on this appeal.
 
 II. ANALYSIS
 
 6
 28 U.S.C. § 1915(a) authorizes the trial court to allow a plaintiff to proceed on appeal without prepayment of fees, costs or security (in forma pauperis) if that person can show indigency. The statute primarily addresses waiving various litigation costs.[2] However, § 1915(d) states that "[t]he court ... may dismiss the case ... if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). The trial judge found Robbins' claims to be frivolous within the meaning of § 1915(d), and denied the petition to proceed in forma pauperis with an order stating that the denial would ripen into a final judgment of dismissal if Robbins failed to pay the filing fees within twenty days. Robbins chose to appeal rather than pay the fees.
 
 
 7
 The district court raised the question of frivolousness on its own motion, and did not have the benefit of responsive pleadings. Nonetheless,
 
 
 8
 "The statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.... Examples of the latter class are claims describing fantastic or delusional claims with which Federal district judges are all too familiar."
 
 
 9
 Neitzke, 109 S.Ct. at 1833. If the petitioner can make no rational argument in law or fact to support his claim, the court may dismiss his complaint for frivolousness at the preliminary stages of litigation. Id. at 1831. The Supreme Court has recently stated that
 
 
 10
 "the district courts, who are 'all too familiar' with factually frivolous claims, Neitzke, [490 U.S.] at 328, are in the best position to determine which cases fall into [the] category [of clearly baseless]....
 
 
 11
 "Because the frivolousness determination is a discretionary one, we ... hold that a § 1915(d) dismissal is properly reviewed for an abuse of [the district court's] discretion...." Denton v. Hernandez, 60 U.S.L.W. 4346, 4348 (U.S. May 4, 1992).
 
 
 12
 Robbins' claim regarding false imprisonment and the associated claims of equal protection and due process violations are frivolous as a matter of law because they are not cognizable as § 1983 actions. However, Robbins' Eighth Amendment allegation requires attention.
 
 
 13
 In Denton the Court explained the appropriate scope of our review:
 
 
 14
 "In reviewing a § 1915(d) dismissal for abuse of discretion, it would be appropriate for the court of appeals to consider, among other things, whether the plaintiff was proceeding pro se; whether the court inappropriately resolved genuine issues of disputed fact; whether the court applied erroneous legal conclusions; whether the court has provided a statement explaining the dismissal that facilitates "intelligent appellate review"; and whether the dismissal was with or without prejudice."
 
 
 15
 Id. (citations omitted).
 
 
 16
 Robbins is proceeding pro se, but in finding his complaint to be frivolous, the district court neither "inappropriately resolved genuine issues of disputed fact" nor "applied erroneous legal conclusions." It is evident from Robbins' complaint and the facts alleged in his appellate brief that he is alleging mere negligence in the medical personnel's care of him. On the complaint form Robbins began his "statement of claim" with the phrase "Claim for Medical Neglect," and further referred to the "extremely [sic] carelessness of those Nurses that was [sic] on duty and the staff in charge." Absent allegations that medical treatment was withheld as punishment, cf. Gill v. Mooney, 824 F.2d 192, 195 (2d Cir1987), or that prison officials realized that Robbins needed medical treatment and were deliberately indifferent to his serious medical condition, Robbins is unable to support his claim of a deprivation of his constitutional rights under the Eighth Amendment. See Hughes v. Joliet Corr. Center, 931 F.2d 425, 428 (7th Cir.1991) (if the claim is merely medical malpractice, it should be brought in state court); Murphy v. Lane, 833 F.2d 106, 107 (7th Cir.1987). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976). As the hospital's discharge summary reveals, Robbins had a history of peptic ulcers and was being treated for the same. Appendicitis pain can be very diverse and difficult to diagnose. In particular, an acute attack of appendicitis superimposed over a peptic ulcer is a most difficult medical diagnosis to make. When Robbins complained of abdominal pains, the staff could well have concluded that the ulcer, for which he was taking medication, was flaring up. Robbins has failed to allege facts from which medical personnel (Nurse Kimbill) should have known that he needed immediate hospitalization or medical attention from a physician. Thus, the district court's conclusion that "plaintiff's allegations that he received untimely medical attention does not rise to a constitutional magnitude" was not erroneous. The trial judge's statement regarding the Eighth Amendment claim was brief but in addition to its citation to Murphy v. Lane, for the proposition that "negligence and delay in providing treatment to inmate did not state a claim for deliberate indifference to medical needs," it reveals that the court found that a claim for negligence in medical treatment does not constitute a cognizable claim under the Eighth Amendment. Under the circumstances of this case, the district court's statement, brief as it is, is more than sufficient to facilitate intelligent appellate review. Since "there is 'indisputably absent any factual or legal basis' for the wrong asserted" Nietzke, 490 U.S. at 324, 109 S.Ct. at 1830, we are not convinced that the district court abused its discretion in finding Robbins' complaint frivolous.
 
 
 17
 For the foregoing reasons, the decision of the district court is
 
 
 18
 AFFIRMED.
 
 
 
 *
 Inexplicably, after the appellant's brief was filed, the attorney general for the State of Wisconsin, and not the Milwaukee County Corporation Counsel, was directed to show cause as to why this appeal should be submitted to this court for decision without the filing of a brief or oral argument by appellees. In response, the attorney general informed the court that he did not represent the appellees in this appeal and would therefore not file a brief. This was mistakenly entered as appellee's notice of intent not to file a brief
 This appeal was then submitted on appellant's brief alone. Appellee's lack of notice of this appeal is immaterial in view of our disposition of the case.
 
 
 [1]
 The sentencing judge stated "So, Mr. Robbins, what that means is you're going to jail now for a considerable period of time but much much less than it will be if you drive again. If you drive again or if you violate the conditions of your probation, there will be one year waiting for you in the House of Corrections."
 
 
 [2]
 Section 1915 states in relevant part:
 (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
 An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.
 (d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.