968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William R. CUNNINGHAM, et al., Plaintiffs-Appellants,
v.
UNIVERSAL TELEPHONE CO., et al., Defendants-Appellees.
 No. 90-3404.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided June 29, 1992.
 
 Before CUDAHY, COFFEY, Circuit Judges and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 William R. Cunningham appeals the district court's order denying his motion to proceed in forma pauperis (IFP) and dismissing his accompanying complaint alleging various civil rights violations under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1990, as well as under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. We affirm.
 
 
 2
 Cunningham, an inmate at the Westville Correctional Center in Westville, Indiana, filed a rambling complaint accompanied by a petition to proceed IFP pursuant to 28 U.S.C. § 1915(a). The complaint appears to accuse the appellees primarily of conspiring to violate his constitutional rights through the illegal transfer of property Cunningham expected to inherit together with his minor sons. In particular, the appellant contends that Ray Ditmore--who Cunningham claims is his natural father--violated numerous civil rights provisions in addition to several amendments to the Constitution. Ditmore deprived him of his rights, Cunningham alleges, by selling his (Ditmore's) stake in Universal Telephone Company, a Wisconsin corporation in which Ditmore is the majority shareholder. Mrs. Ray Ditmore and a number of individuals affiliated with the company also are named as defendants.
 
 
 3
 The complaint further suggests that Cunningham's rights were violated by the Ditmores' alleged cover-up of his illegitimate birth; that this subterfuge proximately caused the post-traumatic stress syndrome Cunningham experienced after serving in the Vietnam War because, as he claims, he would not have been required to fight had the U.S. Army known he was Ditmore's only son; and that Ditmore committed these acts "under color of law" as he "was applying for a government position (congressman?)." R. 4, 5. Cunningham sought both money damages and injunctive relief. The court denied Cunningham's request to proceed IFP and dismissed the complaint with prejudice, finding that the action was frivolous within the meaning of the 28 U.S.C. § 1915(d).
 
 
 4
 Bearing in mind that a court should construe a pro se litigant's pleadings liberally, Haines v. Kerner, 404 U.S. 519 (1972), we held in Williams v. Faulkner, 837 F.2d 304, 307 (7th Cir.1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989), that a judge nonetheless may dismiss IFP claims sua sponte under § 1915(d) if the plaintiff is unable to formulate any rational argument in law or in fact which would entitle him to relief. See also Denton v. Hernandez, No. 90-1846, 1992 WL 86565 (U.S. May 4, 1992). In addition to authorizing judges to dismiss claims grounded in inarguable legal conclusions, the statute further creates "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. Given these separate grounds for dismissal, even an extraordinarily liberal reading of Cunningham's complaint fails to lift it from frivolity to the level of a cognizable claim the court could have heard.
 
 
 5
 Section 1915(d) grants judges the authority to dismiss a claim grounded in "an indisputably meritless legal theory," Neitzke, 490 U.S. at 327, which Cunningham's complaint epitomizes. None of the facts alleged violate the civil rights laws or the Constitution, let alone implicate them. We are aware of no case, and none has been cited to us, holding that any section of the Constitution or the civil rights laws enable the federal courts to afford relief when a private party seeks either restitution from or injunction against another private party alleged to have broken a verbal agreement relating to inheritance rights. Moreover, the nexus of state action Cunningham presumably seeks to establish by reference to Ditmore's "application" to federal office would fail to materialize were he "accepted" for such a position--or elected, for that matter.
 
 
 6
 A judge has the additional authority under § 1915(d) to dismiss a claim whose "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. With its farfetched allegation that the appellees' actions resulted in Cunningham's Vietnam service, subsequent exposure to Agent Orange, and development of psychological problems, the complaint meets this standard by "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328.
 
 
 7
 For the foregoing reasons, the judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record