48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 George WORTHAM, Plaintiff-Appellant,
v.
CHR. HANSEN LAB, INC., Defendant-Appellee.
 No. 91-2648.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 6, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff George Wortham appeals from a district court order dismissing with prejudice his pro se action against defendant, his former employer,[2] pursuant to 28 U.S.C. Sec. 1915(d), and denying his petition to proceed in forma pauperis (IFP).
 
 
 2
 In a previous suit, plaintiff filed a civil action and request to proceed IFP, raising the same claim as that presented here. Wortham v. Chr. Hansen Lab, Inc., No. 91-C-171 (E.D.Wisc.). The case was dismissed, and on appeal, this court entered an order dismissing for lack of jurisdiction. Wortham v. Chr. Hansen Lab., Inc., No. 91-1866 (7th Cir. Aug. 21, 1991) (unpublished order).[3] Plaintiff then returned to the district court and on May 14, 1991, filed a duplicate action (No. 91-C-497, E.D.Wisc.) and duplicate request to proceed IFP. On May 24, 1991, the district court denied the IFP request with prejudice, dismissed the complaint pursuant to 28 U.S.C. Sec. 1915(d), and entered a final judgment pursuant to Fed.R.Civ.P. 58. On June 6, 1991, the district court entered an order after receiving a letter from plaintiff, which the court construed as a motion for reconsideration under Fed.R.Civ.P. 60(b). On June 11, 1991, the district court denied the motion for reconsideration. Plaintiff now appeals from these two orders.
 
 
 3
 Under 28 U.S.C. Sec. 1915(d), before granting leave to proceed IFP, the district court must make a preliminary determination that the plaintiff is indigent and that the action is neither frivolous nor malicious. Smith-Bey v. Hospital Administrator, 841 F.2d 751, 757 (7th Cir.1988). An action is frivolous if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Williams v. Faukner, 837 F.2d 304, 306 (7th Cir.1988). We examine the dismissal for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 The meager, vague complaint before us is difficult to decipher, but seems to indicate that plaintiff is seeking some type of employment records from his former employer, perhaps in some connection with ERISA. Unlike the complaint, the brief before this court--again very discursive and unintelligible--asks us to examine a good faith exception to the Fourth Amendment exclusionary rule, and refers to the absence of probable cause for a warrantless seizure. We are left with no comprehensible allegations, no idea as to how the plaintiff believes he has been wronged under federal law, and no sense of what specific relief plaintiff seeks. We not only see no factual bases to support plaintiff's claims--we cannot even discern the legal claims upon which he would base those factual allegations. See Neitzke, 490 U.S. 319, 327-28 (permitting dismissal for claims either of infringements of legal interests which clearly do not exist, or factual allegations describing fantastic or delusional scenarios). We agree with the district court that plaintiff's action has no basis in fact or law, and thus was properly dismissed pursuant to section 1915(d).
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 No appearance has been filed by the defendant/appellee, and the appeal is taken on the brief of the plaintiff/appellant
 
 
 [3]
 The order reads: "It is ordered that this appeal is dismissed for lack of jurisdiction. Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment appealed. In this case judgment was entered on March 13, 1991, and the notice of appeal was filed on April 15, 1991, three days late. The district court has not granted an extension of the appeal period, see Rule 4(a)(5), and this court is not empowered to do so, see Fed.R.App.P. 26(b)."