240

Joseph R. HURST, Plaintiff–Appellant,

v.

Donald N. SNYDER, Jr., and Jonathan R. Walls, Defendants–Appellees.

No. 02–2891.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 2003.*

Decided Feb. 18, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

ORDER

Joseph Hurst, who has been jailed in Illinois since 1969, claims that the Director of the Illinois Department of Corrections and the warden for the Menard Correctional Center are depriving him of adequate living space by housing him in a cell with another inmate. The district court interpreted Hurst's claim as arising under

* The appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

the Eighth Amendment's prohibition against cruel and unusual punishment and dismissed for frivolousness under 28 U.S.C. § 1915A(b)(1). On appeal Hurst concedes that under the Eighth Amendment his claim fails, but he argues that the court erred because he brought his claim under the Fourteenth Amendment Due Process Clause and the Ex Post Facto Clause of Article I, § 10, cl. 1. We affirm.

■ According to Hurst, he obtained a liberty interest in retaining fifty square feet of personal cell space when Illinois enacted the Unified Code of Corrections in 1973. *See* Ill. St. Ch. 38 ¶ 1003–7–3(b) (1977) ("All new, remodeled and newly designated institutions or facilities shall provide at least 50 square feet of cell, room or dormitory floor space *for each person.*" (emphasis added)). Hurst argues that the defendant prison officials deprived him of this state-created liberty interest without due process when they housed him in a cell with another inmate, resulting in less than fifty square feet of personal cell space. The Due Process Clause, however, generally safeguards only those state-created liberty interests in freedom from restraints that impose atypical and significant hardships when compared to normal prison life. *Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Thielman v. Leean,* 282 F.3d 478, 482 (7th Cir.2002). Because inmates do not have a federally protected liberty interest in their prison placement, it follows that inmates do not have a liberty interest in the size of their cell. *See Meachum v. Fano,* 427 U.S. 215, 222–25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (prison transfer to more restrictive prison does not implicate due process); *Whitford v. Boglino,* 63 F.3d 527, 532 (7th Cir.1995) (same); *Williams v. Faulkner,* 837 F.2d 304, 309 (7th Cir.1988) (no liberty interest in "remaining in any particular wing of a prison"); *see also Thomas v. Ramos,* 130 F.3d 754, 757, 762 (7th Cir.1997) (segregated inmate did not have a liberty interest in not being confined to a cell "approximately as wide as his outstretched arms and twice that long" with another inmate).

■ Equally frivolous is Hurst's contention that his rights under the Ex Post Facto Clause were violated when Illinois amended its statute to delete the express reference to a *per person* space requirement. *See* Ill. St. Ch. 38 ¶ 1003–7–3(b) (Cum.Supp.1984) (current version at 730 Ill. Comp. Stat. 5/3–7–3) ("All new, remodeled and newly designated institutions or facilities shall provide at least 50 square feet of cell, room or dormitory floor space."). Even if the amendment indeed reduced the space allotment, and even if these defendants could be held responsible under § 1983 for implementing the legislative change, the Ex Post Facto Clause invalidates only laws that "increase the punishment for a crime after its commission." *Garner v. Jones,* 529 U.S. 244, 249, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000); *O'Grady v. Village of Libertyville,* 304 F.3d 719, 723 (7th Cir.2002). A punishment is increased if the inmate is incarcerated for a longer period of time under the new law than the old, *see Garner,* 529 U.S. at 255–56 (statute violates Ex Post Facto Clause if it "lengthen[s] respondent's time of actual imprisonment"); *United States v. Shorty,* 159 F.3d 312, 317 (7th Cir.1998) (Ex Post Facto Clause analysis focuses on maximum length of punishment), which is not the situation here.

The judgment is AFFIRMED. The district court's dismissal of Hurst's complaint and our decision here affirming the dismissal count as two of Hurst's three allotted "strikes" under 28 U.S.C. § 1915(g).