Alex AVERHART, Plaintiff–Appellant,

v.

CITY OF CHICAGO, et al., Defendants–Appellees.

No. 04–1340.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 28, 2004.*

Decided Nov. 2, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Alex Averhart, #B-00315, Vienna, IL, pro se.

Mara S. Georges, Office Of The Corporation Counsel Appeals Division, Chicago, IL, for Defendants–Appellees.

Before POSNER, ROVNER, and WILLIAMS, Circuit Judges.

## ORDER

Alex Averhart, an Illinois prisoner sentenced for offenses unrelated to this action, filed a pro se complaint under 42 U.S.C. § 1983 against the City of Chicago Police Department, former Police Superintendent Terry Hillard, and three police officers. The complaint alleged violations of Averhart's constitutional rights arising from an arrest. The district court, *sua sponte,* dismissed the complaint for failure to state a claim. Averhart appeals and we affirm.

We first observe that the Chicago Police Department is not a suable entity separate from the City of Chicago. *E.g., Chan v. Wodnicki,* 123 F.3d 1005, 1007 (7th Cir.1997); *see also Gray v. City of Chicago,* 159 F.Supp.2d 1086, 1089 (N.D.Ill.2001) (dismissing claims against the Chicago Police Department because it was not a suable entity). *See generally West v. Waymire,* 114 F.3d 646, 646–47 (7th Cir.1997) (noting that Indiana municipal police departments lacked capacity to be sued). The caption has therefore been amended to name the City of Chicago as the real party in interest. *See* Fed. R.Civ.P. 17(a), (b).

Averhart's complaint arises from an allegedly unlawful arrest and subsequent search, during which police officers discovered twenty-five packets of white powder determined later to be heroin. The officers had been conducting a narcotics surveillance on the south side of Chicago, and they observed Averhart exchange currency for small packets that he removed from his

left sleeve. Officers Smith, Rodriguez, and Murray arrested and searched Averhart. Based in part on the testimony of Officer Smith at a preliminary hearing and a hearing on a motion to quash the arrest, the state circuit court determined that probable cause existed. The case did not proceed to trial, however, because a *nolle prosequi* was entered.

In his § 1983 complaint for money-damages, Averhart alleges that Officer Smith committed perjury, that the officers did not have probable cause to arrest him, and that the arrest resulted from the "direction and instructions" of Superintendent Hillard. According to the complaint Officer Smith testified that he did not see what Averhart removed from his coat during the surveillance, that he did not have a search warrant, that the "supposed customer who allegedly gave money" was not questioned or arrested, and that the "objects" received by the "customer" were not recovered. To the complaint, Averhart attached police reports and a transcript of the two proceedings at which Officer Smith testified.

The district court promptly dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Regarding the claim based on the allegedly unlawful arrest, the court determined that the facts adduced in the state court hearings—as reflected in the transcript excerpts that Averhart attached to his complaint—established the existence of probable cause as a matter of law and therefore dismissed the claim. Because Averhart attached the transcripts to the complaint to demonstrate not only perjury but also facts that he alleged did not constitute probable cause, they are incorporated into the pleading itself. Fed.R.Civ.P. 10(c); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir.1998); *Williams v. Faulkner*, 837 F.2d 304, 307 (7th Cir.1988).

The court dismissed Superintendent Hillard as a defendant because Averhart did not assert that he had been involved personally in the arrest. As for the claim against Officer Smith based on his alleged perjury, the court ruled that absolute immunity insulated a testifying officer against any potential § 1983 action based on his testimony and dismissed the claim.

We review a § 1915(e)(2)(B)(ii) dismissal *de novo* and accept as true the well-pleaded allegations contained in the complaint. *De Walt v. Carter*, 224 F.3d 607, 611–12 (7th Cir.2000). A plaintiff can, however, "plead himself out of court by pleading facts that undermine the allegations set forth in his complaint." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir.1999) (internal citation omitted).

"It is well established that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir.2003) (quoting *Juriss v. McGowan*, 957 F.2d 345, 349 n. 1 (7th Cir.1992)). A civil "case should not be permitted to go to trial if there is any reasonable basis to conclude that probable cause existed." *Thompson v. Wagner*, 319 F.3d 931 (7th Cir.2003) (quoting *Cross v. City of Des Moines*, 965 F.2d 629, 632 (8th Cir.1992)).

The district court correctly found probable cause for the arrest based on the facts alleged by Averhart in his complaint and contained in the attached hearing transcripts. Averhart acknowledged in his complaint that the police conducted a surveillance operation that led to his arrest, suggesting only that there was a question of whether the police remained in, or exited, their cars to conduct the operation. The police reports attached to the complaint indicate that the police conducted their operation after citizens had complained about a new drug operation. Ac-

cording to hearing transcripts of Officer Smith's testimony, narcotics officers observed several hand-to-hand transactions between Averhart and unknown individuals during the surveillance operation. The transactions allegedly consisted of the exchange of money for small, clear packets containing a white substance and occurred after other members of the "work-crew" first met the "customers" and then directed them to Averhart. Finally, Averhart only challenges this description by pointing out that the officers could not identify the substance from their surveillance positions. The trained officers believed they had witnessed a drug transaction. The state circuit court, and later the district court, concurred in the finding of probable cause.

Although Averhart alleged in the complaint that the circumstances of his arrest could not constitute probable cause, his contentions do not undermine the district court's finding of probable cause. He suggests that the officers should have confirmed their suspicion of illegal activity by first arresting the supposed customers or stopping them to confiscate the then-unidentified objects. However, probable cause is not predicated on an absolute knowledge of illegal activity. *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir.2003). Moreover, the observations of experienced officers, like Officer Smith, are afforded greater weight in probable cause determinations. *United States v. Funches*, 327 F.3d 582, 586 (7th Cir.2003) (crediting testimony of trained narcotics officers who observed what they believed to be a drug transaction). We agree with the district court that probable cause did exist.

Finally, Averhart appeals the district court's dismissal of the police officers as defendants on the grounds of absolute immunity. He suggests, in an undeveloped argument, that the officers should have been classified as complaining witnesses. Complaining witnesses may not be entitled to immunity because of their role as "instigators of the prosecution." *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir.2003) (internal citations omitted). The district court, however, did not grant absolute immunity to all of the officers. Rather, the court only cited absolute immunity as a ground to dismiss the damages claim against Officer Smith predicated on his supposed perjury. The district court dismissed the claim against the officers for false arrest, including Officer Smith, only after finding that probable cause existed.

■ The district court, moreover, properly dismissed the claim against Officer Smith based on his alleged perjury. Police officers acting as witnesses "have absolute immunity from a damages suit based on their testimony." *Gauger*, 349 F.3d at 358 (citing *Briscoe v. LaHue*, 460 U.S. 325, 345–56, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)). Averhart does make the undeveloped argument that Officer Smith should be classified within the complaining witness exception to absolute immunity, but his argument does not describe Officer Smith's actions as similar to "police officers who [push] aggressively for a prosecution." *Gauger*, 349 F.3d at 358. The district court, therefore, correctly ruled that absolute immunity was one basis for dismissing the perjury claim against Officer Smith.

We AFFIRM the district court's judgment dismissing the case. We also DENY Averhart's motion for appointment of counsel, which is now moot, and DENY his "Motion to Dismiss and/or Strike the Defendant's Motion for Summary Judgment."